UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

**CIVIL ACTION NO. 13-124-DLB-HBG**

**SHASTA LASHAY GILMORE, et al.**                                **PLAINTIFFS**

**vs.**                      **MEMORANDUM ORDER**

**ROANE COUNTY, TENNESSEE**                                   **DEFENDANTS**
**GOV'T, et al.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on several related motions filed by Defendants Roane County, David Randle, Robert Cooker, Mike Carter, and Mike Myers (the "medic defendants"). These motions include two motions to dismiss (Docs. # 8 and 24), a motion to strike (Doc. # 41), and a motion for summary judgment (Doc. # 48). In the motions to dismiss, Defendants argued that Plaintiff's medical malpractice claim against the Roane County, Tennessee government and the Emergency Medical Technician (EMT) Defendants should be dismissed with prejudice because Plaintiff failed to include a good faith certificate with her Complaint, as required by Tenn. Code Ann. § 29-26-122. (Docs. # 8 and 24). Defendants' subsequently filed motion for summary judgment asserts that they are entitled to summary judgment on that same claim because Plaintiff also failed to comply with the notice requirements imposed by Tenn. Code Ann. § 29-26-121. (Doc. # 48).

On September 26, 2013, the Court held a telephonic conference to take up these motions. John M. Wolfe, Jr. represented the Plaintiffs and Jeffrey R. Thompson represented the Defendants. At the conclusion of the conference the Court determined that

1

it required more information from Plaintiff's counsel in order to adjudicate the motions and ordered Plaintiff's counsel to file an affidavit demonstrating extraordinary cause for his failure to comply with the applicable Tennessee statutes. Plaintiff's counsel having now filed his affidavit (Doc. # 63), and the Defendants having filed their response (Doc. # 65), the motions are ripe for review.

The statutes cited in Defendants' Motions are part of the Tennessee Health Care Liability Act (THCLA), which imposes certain procedural requirements on plaintiffs bringing medical malpractice actions such as the instant case. *See* Tenn. Code Ann. § 29-26-115 *et seq.* Section 29-26-122, which forms the basis of Defendants' Motions to Dismiss, requires plaintiffs to file a certificate of good faith along with a complaint. Tenn. Code Ann. § 29-26-122. This certificate must state that the plaintiff conferred with an expert, who in turn signed a written statement confirming that they are competent to express an opinion and that they believe there is a good faith basis to maintain the action. *Id.* Defendants' Motion for Summary Judgment relies on Section 29-26-121, which requires a plaintiff asserting a potential claim for health care liability to provide "written notice of the potential claim to each health care provider who will be a named defendant at least sixty days before the filing of a complaint." Tenn. Code Ann. § 29-26-121. Both statutes require strict compliance with the listed procedural steps. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 310-12 (Tenn. 2012); *see also Moses v. Dirghangi*, No. W2011-02403-COA-R3-CV, 2013 WL 5519506 at *9 (Tenn. App. Oct. 3, 2013). Failure to comply with these steps must result in dismissal, unless the court exercises its discretion and excuses compliance "for extraordinary cause shown." *Myers*, 382 S.W. at 310-12; *Moses*, 2013 WL 5519506 at *9.

2

Having reviewed Plaintiff's Affidavit (Doc. # 63), the Court concludes that Plaintiff has not demonstrated extraordinary cause to excuse her failure to comply with the THCLA's procedural requirements. Instead of providing new information for the Court's consideration, Plaintiff's affidavit merely restates facts and allegations that are already contained in the record. Because Plaintiff did not comply with THCLA requirements and has not shown extraordinary cause for her non-compliance, the Court must grant Defendant's Motion for Summary Judgment (Doc. # 48) as it pertains to Plaintiff's medical malpractice claim against the Roane County government and the EMT Defendants.[1] While the Court recognizes that granting Defendants' Motions leads to a harsh result, it is bound to follow the directives of the THCLA.[2] Plaintiff has had ample opportunity to persuade the Court that her situation qualifies as an exception to the rule, and has repeatedly failed to do so.

Accordingly, **IT IS ORDERED** as follows:

1. Defendants' Motions to Dismiss (Docs. # 8 and 24) and Motion for Summary

---

[1] Since Defendants had multiple motions pending on overlapping grounds, it is important to note that the Court reaches the same result by entertaining either the Defendants' Motions to Dismiss or the Defendants' Motion for Summary Judgment because Plaintiff failed to comply with the THCLA sections raised in both Motions.

[2] Although this question of statutory interpretation has not yet been litigated, Tennessee case law indicates that Section 29-26-121 requires dismissal for non-compliance but does not bar re-filing. *See Hinkle v. Kindred Hosp.*, No. M2010-02499-COA-R3-CV, 2012 WL 3799215 at * 4 (Tenn. App. Aug. 31, 2012) (noting but not reviewing the trial court's decision that, because Section 29-26-121 contains no dismissal *with prejudice* language, it had the implied power under Tenn. R. Civ. P. 41.02(3) to dismiss a medical malpractice claim without prejudice). The language of Section 29-26-122, by contrast, specifically mandates dismissal with prejudice. In this case, non-compliance with either provision leads to the same result. If Plaintiff's claim was dismissed due to non-compliance with Section 29-26-121, she would be barred from re-filing because the applicable Tennessee statute of limitations has passed. *See* Tenn. Code Ann. § 29-26-116(a)(1) (setting a one year statute of limitations). Thus, dismissal of the medical malpractice claim pursuant to either Section will operate as a dismissal with prejudice.

Judgment (Doc. # 48) as it pertains to Plaintiff's medical malpractice claim against the Roane County government and the medic defendants is hereby **GRANTED**;

2.  Defendants' Motion to Strike (Doc. # 41) is hereby **DENIED**;

3.  Plaintiffs' Rule 41 Motion to allow her to file a limited nonsuit (Doc. # 54) is **DENIED**.

This 25th day of October, 2013.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\Knoxville\13-124 Order Granting MSJ.wpd