UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SHASTA LASHAY GILMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:13-CV-124-PLR-HBG |
| | ) |
| ROANE COUNTY, TENN., *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Amend [Doc. 85]. Defendants have filed a Response in Opposition to the Motion to Amend [Doc. 86], arguing *inter alia* that the Plaintiff has failed to comply with Local Rule 15.1 and that Plaintiff's proposed amendments would be futile. On June 16, 2014, Plaintiff filed a reply conceding that she has failed to comply with Local Rule 15.1 and also conceding that a number of her proposed amendments would be futile. [Doc. 28].

Rule 15 of the Federal Rules of Civil Procedure directs that, where an amendment is not made as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Local Rule 15.1 imposes additional requirements, which are as follows:

> A party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference.

E.D. Tenn. L.R. 15.1. Local Rule 15.1 further provides, "A failure to comply with this rule may be grounds for denial of the motion," and the Court has not hesitated to deny motions to amend based upon failures to comply with E.D. Tenn. L.R. 15.1. See Moore v. Wells Fargo Bank, N.A., 3:10-CV-94, 2011 WL 652844, *7-8 (E.D. Tenn. Feb. 14, 2011); State Farm v. Dunlap, Case No. 3:13-CV-23, Memorandum and Order, Doc. 21 (E.D. Tenn. Dec. 26, 2013).

In the instant case, it is undisputed that the Plaintiff has failed to comply with Local Rule 15.1. Accordingly, the Motion to Amend **[Doc. 85]** is **DENIED WITHOUT PREJUDICE** with leave to refile as appropriate pursuant to any deadlines set by the District Judge. This adjudication may also afford the Plaintiff an opportunity to omit those claims that she has acknowledged are futile.

Additionally, the Court finds that the Plaintiff's Motion for Hearing **[Doc. 88]**, which moves the Court to permit oral arguments on the Motion to Amend, is moot, and it is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge