UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

Shasta Lashay Gilmore, et al.,           )
                                          )
              *Plaintiffs*,               )
                                          )
v.                                        )          No.: 3:13-CV-124-PLR-HBG
                                          )
Roane County, Tennessee., et al.,         )
                                          )
              *Defendants*.               )

### <u>Memorandum Opinion and Order</u>

Presently before the Court are numerous motions by the plaintiff. They include a

motion for default [R. 108]; a motion that unanswered allegations in the plaintiff's

complaint be deemed admitted [R. 119]; an appeal of the magistrate judge's decision to

stay discovery [R. 120]; a motion to strike the defendants' answer to the complaint [R.

123]; a motion for sanctions against the defendants [R. 135]; a motion for leave to file a

sur-reply [R. 140]; and a motion for an extension of time to file dispositive motions [R.

142]. The defendants have filed a motion for summary judgment [R. 119] (which the

Court will not address in this opinion); a motion for a hearing on the plaintiff's appeal of

the magistrate judge's decision to stay discovery [R. 138]; and a motion to file a sur-reply

of their own [R. 133]. For the reasons that follow, all of the pending motions, with the

exception of the defendants' motion for summary judgment, will be **Denied**.

## A. Motion for Default

The plaintiff has moved for a default judgment against the individual defendants and Roane County "for their failure to answer the claims made against them under 42 U.S.C. [§§] 1983, 1985[,] and 1988." Under Rule 55 of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A default judgment "is a drastic step which should be resorted to only in the most extreme cases." *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 976 (6th Cir. 1991) (citing *United Coin Meter v. Seabord Coastline RR*, 705 F.2d 839, 845 (6th Cir. 1983)). "Although the term 'otherwise defend' is not defined in the Federal Rules, it is generally understood to include motions attacking service, motions to dismiss, motions for bills of particulars, or motions for summary judgment." *Hammond v. Hofbauer*, 2008 WL 2397644 (W.D. Mich. June 9, 2008) (citing 10 James Wm. Moore, *et al.*, *Moore's Federal Practice* § 55.10[2][b] (3d ed. 2007)).

The defendants have not failed to "defend" themselves in this case. To the contrary, they have actively participated in this litigation, filed dispositive motions [R. 8, 24, 99] and conducted discovery. Accordingly, the plaintiff's motion for default will be denied.

## B. Motions to Strike Defendant's Answer to the Complaint and to Deem Unanswered Allegations Admitted

After the plaintiff filed its motion for default and its motion that unanswered allegations in the amended and restated complaint be deemed admitted, the defendants filed an answer to the amended complaint. The plaintiff then moved to strike the answer as untimely.

The Federal Rules of Civil Procedure "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Under Federal Rule of Civil Procedure 6(B)(1)(b), the Court may grant an extension of time to file where a party's failure to act was due to excusable neglect. *See Thompson v. Ohio State University*, 2014 WL 2711176, at *2 (June 13, 2014).

In the Sixth Circuit, to determine whether to grant an extension, the courts consider: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late filing party acted in good faith. *Id.* (*quoting Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006)).

The defendants' arguable failure to timely file an answer is not prejudicial to the plaintiff. The defendants have actively litigated this case, and they have consistently denied liability for all of the plaintiff's claims. The plaintiff has been on notice

3

throughout this litigation that the defendants deny any liability, and therefore will not be prejudiced by allowing a late-filed answer. As for the second factor, the length of the delay is significant, however, its potential impact on the judicial proceedings is minimal. For the third, fourth, and fifth factors, there is no doubt that the failure to file an answer was within the defendants' control, however, there is no reason to believe the defendants acted in bad faith. Instead, it appears the defendants have not filed an answer because they genuinely believed they were not yet required to do so or, at worst, due to mere inadvertence. Denying the defendants the ability to answer the amended complaint would not serve the interest of justice. Accordingly, the plaintiff's motion to strike will be denied and the defendants will be permitted to file their answer under Federal Rule of Civil Procedure 6(B)(1)(b). In light of this decision, the plaintiff's motion that unanswered allegations in the amended complaint be deemed admitted will be denied.

### C. Appeal of Magistrate's Decision

On October 6, 2014, the Magistrate Judge granted the defendants' motion for a protective order and motion to quash based on their assertion of qualified immunity. [R. 112]. The decision was based on the fact that qualified immunity has been asserted in this case and that the plaintiff failed to demonstrate that any specific discovery is needed for disposition of the immunity issue. In its appeal, the plaintiff asserts the novel (and unsupported) position that the defendants "may be fairly said to have waived immunity by eliciting discovery . . . from the plaintiff." The plaintiff also contends it should be allowed to see the EMS rules and regulations on which the defendants relied in governing their actions on the night in question.

4

Under Federal Rule of Civil Procedure 72, a plaintiff may only prevail by demonstrating that the Magistrate's ruling was clearly erroneous or contrary to law. The plaintiff has not supported such a conclusion. The waiver argument is entirely unsupported by law. As for the plaintiff's argument that it should be allowed discovery to review the EMS rules and regulations, the plaintiff has failed to cite "specific reasons it cannot present essential facts to justify its opposition [to summary judgment]." Fed. R. Civ. P. 56(d).

Most importantly, the plaintiff did not support its need for discovery before the Magistrate. The plaintiff filed two responses in opposition to the defendants' motions to stay discovery, neither of which addressed case law within the Sixth Circuit on staying discovery based on an assertion of qualified immunity. Instead, the plaintiff broadly asserted that other discovery was needed. The plaintiff did not specifically describe any written discovery believed to be necessary to adjudicate the qualified immunity issue, and while she claimed that depositions are needed, she did not identify who should be deposed, why they had not already been deposed, or how their testimony is necessary for resolving the qualified immunity issue. Under such circumstances, this Court cannot conclude that the Magistrate's decision was clearly erroneous or contrary to law. The plaintiff's appeal will be denied. The plaintiff and defendants' motions for leave to file sur-replies will also be denied. Finally, the defendants' motion for a hearing will also denied.

### D. Motion for Sanctions

The plaintiff has moved for sanctions against the defendants for their "purposeful and repeated misrepresentation of the date on which they received discovery from the Plaintiff." [R. 135, p. 1]. In some of the defendants' pleadings, they represented to the Court that the plaintiff did not serve written discovery on the defendants until Friday, October 3, 2014, which is only 28 days prior to the discovery deadline of October 31, 2014. According to the plaintiff, discovery was served, at the latest, on September 30, 2014—31 days prior to the discovery deadline. For this misrepresentation, the plaintiff seeks $1 in sanctions. The defendants respond that they should not be subject to sanctions because the representations in the two pleadings citing October 3, 2014 as the date of service were good-faith mistakes that are *de minimus* because they have no bearing on the issues before the Court. The Court agrees that the misrepresentations were *de minimus*. Because the exact date of the plaintiff's service of discovery did not have any bearing on any issue decided by the Court, the plaintiff's motion for sanctions will be denied.

### E. Motion for Extension of Time

Finally, the plaintiff has moved yet again for an extension of time—this time to extend the dispositive motion deadline. The plaintiff filed her motion on the very day of the deadline she sought to extend, contending she needed more time to prepare her motion for summary judgment because her expert was unavailable to consult during the Thanksgiving holidays. The plaintiff's motion will be denied. In its order regarding the plaintiff's last motion for an extension of time, the Court stated:

The Court notes that it has repeatedly granted motions to extend time or continue deadlines since this case was filed. [R. 16, 23, 28, 39, 46, 61, 84, 92, 95, 103, 114]. While, under appropriate circumstances, the Court is generally amenable to allowing extensions of time or amendments to the scheduling order, the number of extensions granted in this case is becoming unreasonable.
. . .

The Court admonishes the parties that extensions and continuances in this matter may not be so liberally granted in the future.

[R. 117, p. 1-2].

The plaintiff knew of the dispositive motion deadline contained in the scheduling order since March of this year. The plaintiff has had the same expert for the entire pendency of this case. Accordingly, the plaintiff's failure to timely file a motion for summary judgment cannot be reasonably blamed on the Thanksgiving holidays. Accordingly, the plaintiff's motion for an extension of time will be denied.

## Conclusion

For the reasons discussed herein, the following motions are **Denied:**

1.  Motion for Default [R. 108]

2.  Motion that Unanswered Allegations be Deemed Admitted [R. 119]

3.  Appeal of Magistrate Judge Decision [R. 120]

4.  Motion to Strike Answer to Amended Complaint [R. 123]

5.  Motion for Leave to File Sur-Reply [R. 133]

6.  Motion for Sanctions [R. 135]

7.  Motion for Hearing [R. 138]

8.  Motion to Leave to File Sur-Reply [R. 140]

9.  Motion for Extension of Time [R. 142]

**It is so ORDERED.**


_____
**UNITED STATES DISTRICT JUDGE**