UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ESTATE OF DUSTIN BARNWELL, by next of kin, S.C.B. a minor, b/n/f, SHASTA LASHAY GILMORE, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:13-CV-124-PLR-HBG ) ) |
| ROANE COUNTY, TENN., *et al.,* | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Plaintiff's Motion for a Daubert Hearing Regarding Excited Delirium and to Exclude Testimony and Other Evidence About It [Doc. 179]. The Defendants filed a Response [Doc. 200], objecting to the Plaintiff's Motion. The Plaintiff filed a Supplemental Brief [Doc. 201] to its Motion the day before the hearing, and the Court gave the Defendants an opportunity to respond to the arguments in the Supplemental Brief [Doc. 208].[1] The parties appeared before the Court on February 18, 2016. Attorneys John Wolfe, Jr., and Whitney Durand were present on behalf of the Plaintiff, and Attorneys Jeffrey Thompson and Nathaniel Strand were present on behalf of the Defendants.

After considering the parties' filings and the oral arguments, the Court finds that the Plaintiff's Motion for a Daubert Hearing Regarding Excited Delirium and to Exclude Testimony and Other Evidence About It [**Doc. 179**] is not well-taken, and it is **DENIED**.

---

[1] Although the Court has considered the Plaintiff's filing, the Court admonishes the Plaintiff for its untimeliness.

## I. BACKGROUND

The Complaint was removed to this Court on March 6, 2013. The Plaintiff brought this Complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, along with several state law claims. Specifically, the Complaint alleges that on November 11, 2011, two law enforcement officers responded to a 911 call placed by Shasta Gilmore. In the 911 call, Gilmore reported that Dustin Barnwell was "combative," but when officers arrived at the scene, Gilmore reported that she was concerned that Barnwell seemed unresponsive after taking some Flexeril tablets. The Complaint alleges that the officers immobilized and handcuffed Barnwell. Subsequently, medics arrived on the scene, and one medic administered Succinylcholine to Barnwell, which paralyzed his lungs. Barnwell stopped breathing, and the Plaintiff alleges that the medics inserted a breathing tube down his esophagus, instead of inserting the tube down his airways. Barnwell passed away, and the Plaintiff has alleged that the Defendants violated Barnwell's constitutional rights.

## II. POSITIONS OF THE PARTIES

The Plaintiff's Motion [Doc. 179] states that Dr. Robert Cogswell's testimony will be unable to conform to the standards outlined in Daubert v. Merrell Dow Pharma., Inc., 509 U.S. 579 (1993). The Plaintiff asserts that the cause of death is based on a medical theory, excited delirium, that does not adhere to reliable principles and methods. The Plaintiff argues that even if the theory is accepted, Dr. Cogswell will be unable to apply the principles and methods reliably to the facts of this case. As an alternative, the Plaintiff requests that limits be imposed upon the use of the autopsy, which lists excited delirium as the principal cause of death, and upon the testimony of Dr. Cogswell regarding excited delirium because he lacked evidence in reaching that conclusion.

In support of its Motion, the Plaintiff argues that excited delirium has not been recognized as a genuine mental health condition by the American Medical Association or the American Psychological Association. The Plaintiff submits that excited delirium is not found in the Diagnostic Statistical Manual of Mental Disorders or the World Health Organization's International Classification of Diseases. The Plaintiff argues that the Emergency Medicine Journal and Canadian courts have cautioned individuals considering excited delirium as a cause of death. The Plaintiff asserts that the autopsy results are supportive of another cause of death.

The Defendants respond [Doc. 200] that excited delirium is an accepted diagnosis and cause of death. The Defendants assert that the syndrome has been peer reviewed in a number of publications by the American Academy of Forensic Science and other various named journals and that it has been recognized as a syndrome in the National Association of Medical Examiners, the American Academy of Forensic Sciences, and the American College of Emergency Physicians. The Defendants emphasize that the Plaintiff's own expert witness, Dr. Steven Perlaky, acknowledged that excited delirium syndrome is a medical diagnosis.

In addition, the Defendants assert that Dr. Cogswell can apply the medical theory of excited delirium syndrome reliably to the facts of this case, and therefore, his testimony should not be excluded. The Defendants argue that excited delirium syndrome is associated with combative behavior, altered mental status and several other symptoms, which were observed prior to Mr. Barnwell's death. The Defendants argue that the Plaintiff's concerns with Dr. Cogswell's opinions can be addressed through cross-examination.

The Plaintiff filed a Supplemental Brief [Doc. 201] arguing that the doctrine of excited delirium cannot meet <u>Daubert</u> standards and that even if it does meet the standards, the medical examiner must exclude all other causes of death before citing excited delirium as a cause.

3

Finally, the Plaintiff asserts the Dr. Cogswell did not meet the standards of his profession in reaching the conclusion that excited delirium was the cause of death. During the hearing, the Plaintiffs explained that Dr. Cogswell did not perform an adequate investigation into the facts leading to Mr. Barnwell's death.

The Defendants filed a Response [Doc. 208] to the Supplemental Brief stating that Dr. Cogswell provides the only competent testimony regarding how to perform an autopsy and the standard to conduct an investigation to support an autopsy. The Defendants contend that Dr. Cogswell's investigation into the circumstances of the death was compliant with the standard of care and sufficient to support his autopsy findings. Finally, the Defendants assert that Dr. Cogswell's opinion is supported by the undisputed material facts of this case.

## III. ANALYSIS

The Court has considered the parties' positions, and for the reasons explained below, the Court finds Plaintiff's Motion [Doc. 179] not well-taken, and it is **DENIED.**

Federal Rule of Evidence 702 governs the admission of expert testimony. It provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the Supreme Court of the United States stated that a district court, when evaluating evidence proffered under Rule 702, must act as a gatekeeper, ensuring "that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Id. at 589. The Daubert standard "attempts to strike a

4

balance between a liberal admissibility standard for relevant evidence on the one hand and the need to exclude misleading 'junk science' on the other." Best v. Lowe's Home Ctrs., Inc., 563 F.3d 171, 176–77 (6th Cir. 2009).

The factors relevant in evaluating the reliability of the testimony, include: "whether a method is testable, whether it has been subjected to peer review, the rate of error associated with the methodology, and whether the method is generally accepted within the scientific community." Coffey v. Dowley Mfg., Inc., 187 F. Supp. 2d 958, 970-71 (M.D. Tenn. 2002) (citing Daubert, 509 U.S. at 593–94). "Although Daubert centered around the admissibility of scientific expert opinions, the trial court's gatekeeping function applies to all expert testimony, including that based upon specialized or technical, as opposed to scientific, knowledge." Rose v. Sevier Cnty., Tenn., No. 3:08-CV-25, 2012 WL 6140991, at *4 (E.D. Tenn. Dec. 11, 2012) (citing Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 138-39 (1999)). "[A] party must show, by a 'preponderance of proof,' that the witness will testify in a manner that will ultimately assist the trier of fact in understanding and resolving the factual issues involved in the case." Coffey, 187 F. Supp. 2d at 70-71 (quoting Daubert, 509 U.S. at 593-94).

The Rule 702 inquiry as "a flexible one," and the Daubert factors do not constitute a definitive checklist or test. Kumho, 526 U.S. at 138-39 (citing Daubert, 509 U.S. at 593). Although the Rule 702 requirements are treated liberally, "'that does not mean that a witness is an expert simply because he claims to be.'" Coffey, 187 F. Supp. 2d at 971 (citing Pride v. BIC Corp., 218 F.3d 566, 577 (6th Cir. 2000)).

In the present matter, the Plaintiff makes three primary arguments in support of its Motion: (1) the doctrine of excited delirium cannot meet Daubert standards; (2) Dr. Cogswell must exclude all other causes of death before using excited delirium as the cause of death; and

(3) Dr. Cogswell did not meet the standards of his profession. The Court finds these arguments to be not well-taken.

First, the Court notes that several professional publications recognize excited delirium as a real syndrome. While there may be multiple etiologies for excited delirium, as recognized in The Journal of Emergency Medicine, this alone is not sufficient to exclude any mention of the diagnosis. Although the Plaintiff cautions that Canadian courts are rejecting excited delirium as a diagnosis, this Court is not bound by such decisions. The Court notes that Dr. Cogswell testified that excited delirium is an accepted diagnosis in the "forensic pathology community because we're the ones who see it." [Doc. 200-1 at 40]. Dr. Cogswell is certified by the American Board of Pathology in anatomic, clinical, and forensic pathology, and he has performed over 5,000 autopsies. [Doc. 200-1 at 8-9]. The Court finds Dr. Cogswell's testimony regarding excited delirium to be reliable.

The Plaintiff also argues that Dr. Cogswell was required to exclude all other causes of death before citing excited delirium as the cause. It cites <u>Petro v. Town West Warick ex rel Moore</u>, 889 F. Supp. 2d 292, 316-18 (D. R.I. 2012) in support of its argument. In <u>Petro</u>, the district court stated that excited delirium was a diagnosis of exclusion. <u>Id.</u> at 317-18. The district court, however, was presiding over a bench trial and was not considering whether the expert witness could testify about excited delirium. <u>Id.</u> The Court finds <u>Petro</u> to be inapplicable in the present matter. Moreover, the Court finds that Plaintiff's concerns regarding other causes of death can be adequately addressed during cross-examination.

Finally, the Plaintiff argues that Dr. Cogswell did not meet the standards of his profession. During the hearing, the Plaintiff explained that Dr. Cogswell relied on incomplete facts and failed to talk to witnesses with personal knowledge of the events. Dr. Cogswell

explained in his deposition where he received his information. Specifically, Dr. Cogswell stated: "That would have been a distillation from – by the Roane County medical examiner investigator who was reporting the case or sending in the case information along with Mr. Barnwell's body. They would have gotten all that information from the sheriff's office, EMS, the emergency department, et cetera." [Doc. 200-1 at 15-16]. Again, the Court finds that the Plaintiff's concern regarding Dr. Cogswell's sources of information can be adequately addressed during cross-examination, and it is not a reason to exclude Dr. Cogswell's opinion. See Spears v. Cooper, No. 1:07-cv-58, 2008 WL 5552336, at *5 (E.D. Tenn. Nov. 17, 2008) ("[C]redibility attacks, such as the use of incorrect or incomplete data in formulating an opinion, are intended for cross-examination."). Accordingly, the Court finds the Plaintiff's arguments not well-taken.

## IV. CONCLUSION

Based on the foregoing conclusions, the Court hereby **DENIES** Motion for a Daubert Hearing Regarding Excited Delirium and to Exclude Testimony and Other Evidence About It [**Doc. 179**].

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge