UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ESTATE OF DUSTIN BARNWELL, by next of kin, S.C.B., a minor, b/n/f, SHASTA LASHAY GILMORE, | ) ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) ) No. 3:13-cv-124 |
| MITCH GRIGSBY, DAVID RANDLE, RICHARD STOOKSBURY, and ROBERT COOKER in their individual and official capacities, | ) Reeves/Guyton ) ) ) ) |
| *Defendants*. | ) ) |

## Memorandum Opinion and Order

Presently before the Court is Ms. Gilmore's motion to file an amended complaint [D. 292]. Because Defendants oppose Gilmore's motion to amend [D. 293], the Court will grant it only if justice so requires. For the reasons discussed below, Ms. Gilmore's motion to file an amended complaint will be denied.

## Standard of Review

Rule 15(a) of the Federal Rules of Civil Procedure allows for the amendment of pleadings prior to trial. At a certain point though, a party may amend her complaint "only with the opposing party's written consent or the court's leave," which is to be given freely "when justice so requires." FED. R. CIV. P. 15(a)(2). Of course, "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). The court has discretion to deny an opportunity to amend for a variety of reasons, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated

1

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is considered "futile" when it would not survive a motion to dismiss. *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015).

## Discussion

On June 6, 2017, Ms. Gilmore filed a motion to amend her complaint, seeking to add a claim under the Tennessee Health Care Liability Act (Paragraphs 47-59) and certain factual details gleaned through the discovery process (Paragraphs 60-69) [D. 286]. On July 10, 2017, her motion was denied for failure to comply with the filing requirements of Local Rule 15.1 [D. 291]. *See* E.D. Tenn. L.R. 15.1. On July 12, 2017, Ms. Gilmore refiled her motion in conformity with the local rules [D. 292]; that motion is the subject of this present order.

**A. Proposed Paragraphs 47-59**

Ms. Gilmore first seeks to amend her complaint to add a medical malpractice claim under the Tennessee Health Care Liability Act, set forth in proposed paragraphs 47-59. *See* Tenn. Code Ann. § 29-26-101, et seq. Nearly identical paragraphs were previously proposed in a motion to amend filed nearly four years previous, on June 26, 2013 [D. 36], but the motion was denied due to Ms. Gilmore's failure to comply with Local Rule 15.1 [D. 38]. Then, on October 25, 2013, United States District Judge David L. Bunning dismissed Ms. Gilmore's medical malpractice claims against the Roane County government and EMT Defendants for failure to comply with certain procedural requirements [D. 66]. Because the claim that Ms. Gilmore now seeks to add to her complaint has already been dismissed *with prejudice*, the proposed amendment is futile.

The Court further notes that Ms. Gilmore's concerns about preserving these allegations in the case of an appeal are misplaced. Under Rule 10 of the Federal Rules of Appellate Procedure,

2

the record on appeal includes "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." FED. R. APP. P. 10. Having previously been filed and disposed of, Ms. Gilmore's medical malpractice claim is already a part of the record.

In any case, "issues presented at a pretrial conference, incorporated in a pretrial order supersede the pleadings in the case." *Howard v. Kerr Glass Mfg. Co.*, 699 F.2d 330, 333 (6th Cir. 1983) (cleaned up). *See also* FED. R. CIV. P. 16(d), (e); 3 Moore's Federal Practice, § 16.78[3]. On September 5, 2017, Ms. Gilmore submitted a proposed pretrial order [D. 298], which will be considered at the upcoming final pretrial conference.

For the reasons stated, justice does not require that the Court permit Ms. Gilmore to amend her complaint to add proposed paragraphs 47-59.

### B. Proposed Paragraphs 60-69

Defendants object to the amendments in paragraphs 60-69 on grounds of undue delay. [D. 293]. They contend that, were the amendments permitted, it would be "impossible" to go forward with trial in October [*Id.* at 2]. Ms. Gilmore disputes this, and claims that she is merely implementing materials from the discovery process in order to bring the pleadings into conformity with the now-existing proof. She says that the amendments give "explicit amplifications" of facts "that can be proved with or without the proposed amendments." [D. 294, at 2]. In their objection to Ms. Gilmore's earlier motion to amend, Defendants admitted that the proposed amendments "concern factual issues that are already being litigated" and "will not affect any actual legal issue that is before this Honorable Court." [D. 287, at 10]. Even so, they now claim that in order to respond to the new material, they will need to re-depose Ms. Gilmore's expert witness.

This Court denied a motion to amend a complaint under similar circumstances back in 2003. *See Coy/Superior Team v. BNFL, Inc.*, No. 3:13-cv-124, Doc. 99 (2003). The denial was upheld by the Sixth Circuit, which described the situation as follows:

> The district court refused to permit an amended pleading at a late stage in the litigation [four months before trial] where that amended pleading did not add a new defendant or cause of action, but merely included additional information about an existing claim which had been revealed in the course of discovery. The district court correctly noted that at trial Plaintiff would be able to submit any evidence revealed in the course of discovery which tended to support that cause of action. Therefore, permitting the motion to file the proposed third amended complaint would not have accomplished any practical purpose. In light of these circumstances, the district court's conclusion that permitting the amendment would have caused undue prejudice and delay was not an abuse of discretion.

*Coy/Superior Team v. BNFL, Inc.*, 174 F. App'x 901, 909 (6th Cir. 2006) (cleaned up).

In light of the Defendants' objections, the nature of the proposed amendments, the apparent lack of prejudice to Ms. Gilmore, and the proximity of trial, the Court now denies Ms. Gilmore's motion to amend her complaint with respect to paragraphs 60-69.

## Conclusion

The initial Complaint in this lawsuit was filed in November 2013. Today, nearly five years and hundreds of docket entries later, the parties are finally mere weeks away from the scheduled trial. Absent good cause, further delay is unwarranted. Thus, Ms. Gilmore's motion to amend her complaint is **DENIED.**

**IT IS SO ORDERED.**

*[signature]*
UNITED STATES DISTRICT JUDGE