UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ESTATE OF DUSTIN BARNWELL, )<br>by next of kin, S.C.B., a minor, b/n/f, )<br>SHASTA LASHAY GILMORE, )<br>    )<br>    *Plaintiff*, )<br>    )<br>v. )<br>    )<br>MITCH GRIGSBY, DAVID RANDLE, )<br>RICHARD STOOKSBURY, and ROBERT )<br>COOKER, in their individual capacities, )<br>    )<br>    *Defendants*. ) | NO. 3:13-CV-124<br>REEVES/GUYTON |

## MEMORANDUM OPINION

Before the Court is Defendants' Motion for Taxation of Costs and Entry of Judgment [D. 379] and Motion for Entry of Judgment [D. 381]. Plaintiff has not responded to either motion.

On October 6, 2017, the Court granted Defendants' motion to dismiss at the conclusion of Plaintiff's proof and judgment was entered. [D. 362]. On October 20, 2017, Defendants filed a bill of costs [D. 363], which the Court stayed pending the resolution of Plaintiff's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) [D. 371]. The matter was further delayed upon Plaintiff's appeal of the Court's denial of her Rule 59(e) motion and the judgment [D. 374]. The judgment was affirmed [D. 376], and Defendants filed a status report regarding costs [D. 377]. Defendants then filed a motion for taxation of costs and entry of judgment [D. 379]. Pursuant to this Court's local rules and procedures, the Clerk of Court taxed costs in the amount of $4,934.12 [D. 380]. Defendants again moved for entry of judgment in the amount of the costs taxed [D. 381].

1

Rule 54(d) of the Federal Rules of Civil Procedure directs that costs, other than attorney's fees should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). The costs that may be taxed are enumerated in 28 U.S.C. § 1920 and may be taxed by a judge or clerk of any court. *See* 28 U.S.C. § 1920; *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). In the Eastern District of Tennessee, the Clerk of Court is charged with assessing these costs after a Bill of Costs has been properly filed. *See* E.D. Tenn. L.R. 54.1. When costs are granted under Rule 54(d)(1), the underlying judgment is generally supplemented to include any unpaid bill of costs. *See* 28 U.S.C. § 1920 ("A bill of costs shall be filed in the case and, upon allowance, *included in the judgment* or decree."); *see, e.g.*, *Bailey v. United Techs. Corp.*, No. 3:05-CV-846 (WWE), 2008 WL 11478197, at *2 (D. Conn. June 24, 2008).

Here, the Clerk of Court's taxation of costs clearly states that "[c]osts are taxed in the amount of $4,934.12 *and included in the judgment*." [D. 363, p. 1 (emphasis added)]. Defendants represent that those costs remain unpaid, and presumably desire a separate judgment as to costs in order to pursue a collection effort. A separate judgment does not appear to be strictly necessary. Nevertheless, "a request for costs raises issues wholly collateral to the judgment in the main cause of action," *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268 (1988), so the Court will enter a separate judgment as to costs. Defendants' motions [D. 379, 381] will be **GRANTED**. An appropriate order will be entered.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

2